UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

───────────────────────────────────────────────

Morgan Wright,                              File No. 23-cv-2646 (ECT/TNL)

     Plaintiff,

v.                                          **OPINION AND ORDER**

The Travelers Home and Marine Insurance
Company,

     Defendant.

───────────────────────────────────────────────

Frederic W. Knaak, Holstad & Knaak, PLC, St. Paul, MN, for Plaintiff Morgan Wright.

Leatha G. Wolter, M. Gregory Simpson, and Thomas J. Joyce, Meagher & Geer, PLLP, Minneapolis, MN, for Defendant The Travelers Home and Marine Insurance Company.

───────────────────────────────────────────────

In August 2021, a water pipe above Plaintiff Morgan Wright's residence burst, causing extensive damage to the residence and to Ms. Wright's personal property. At the time, the residence was insured under a policy issued by Defendant, The Travelers Home and Marine Insurance Company. Ms. Wright filed a claim with Travelers.

In this case, Ms. Wright alleges that Travelers discriminated against her based on her disabilities in its response to the claim. She asserts claims for unlawful business discrimination under the Minnesota Human Rights Act (or "MHRA"), Minn. Stat. § 363A.17, and under a Minneapolis ordinance, Minneapolis, Minn., Code of Ordinances § 139.40. Ms. Wright asserts no breach-of-contract claim.

Travelers seeks reconsideration of a bench ruling and order denying Travelers' motion to dismiss Ms. Wright's operative Amended Complaint. Travelers' motion will be

denied because a reconsideration motion is not a proper vehicle to introduce a new legal argument or authorities that could have been presented with the original motion. Regardless, the authority Travelers cites does not show that the challenged order was manifestly erroneous.

This is the case's third round of motions, and a brief recap of the first two rounds sets the table for the precise issue to be decided in this third round. In the first round, both sides filed motions. Travelers moved to dismiss Ms. Wright's then-operative original Complaint under Federal Rule of Civil Procedure 12(b)(6), and Ms. Wright sought leave to amend her original Complaint to add a bad faith claim under Minnesota's Insurance Standard of Conduct statute, Minn. Stat. § 604.18.[1] I granted Travelers' motion and denied Ms. Wright's. *See Wright v. Travelers Home & Marine Ins. Co.*, No. 23-cv-2646 (ECT/TNL), 2024 WL 493879, at *9 (D. Minn. Feb. 8, 2024). The case was not dismissed outright, however. Ms. Wright was given the opportunity to file an amended complaint, *see id.*, and she did that, *see* ECF No. 36. Familiarity with this first order is presumed here.

In the second round, Travelers sought dismissal of Ms. Wright's Amended Complaint, again under Rule 12(b)(6). To support this second motion, Travelers argued that Ms. Wright did not plausibly allege discriminatory animus, that her MHRA business-discrimination claim was barred by the applicable one-year statute of limitations, and that her Minneapolis ordinance claim was barred by her failure to exhaust administrative

---

[1] More precisely, Ms. Wright sought reversal of Magistrate Judge Tony N. Leung's order denying Ms. Wright's motion for leave to amend her original Complaint to add a bad faith claim.

2

remedies and a one-year limitations period. I denied Travelers' motion from the bench. I concluded that Ms. Wright's disability-discrimination allegations were sufficient: She alleged facts plausibly showing that Travelers knew of her disability and disparaged her because of her disability, causing Ms. Wright to suffer emotional distress. I also determined that Travelers' limitations and administrative-exhaustion arguments implicated affirmative defenses that were not established by the Amended Complaint, making them inappropriate grounds for a Rule 12(b)(6) dismissal. *See Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) ("As a general rule, the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." (quotation omitted)); *see also Roiger v. Veterans Affs. Health Care Sys.*, No. 18-cv-00591 (ECT/TNL), 2019 WL 572655, at *7 (D. Minn. Feb. 12, 2019) ("The same holds true for the affirmative defense of exhaustion of administrative remedies: a complaint is subject to dismissal for failure to state a claim when 'the allegations in the complaint suffice to establish that ground'—that is, when an affirmative defense is established on the 'face' of the complaint." (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).[2]

That brings us to where we are now. After requesting and obtaining permission in compliance with D. Minn. LR 7.1(j), Travelers filed a motion to reconsider the denial of its second Rule 12(b)(6) motion. Travelers' reconsideration motion is grounded on

---

[2] Travelers has cited no authority establishing or supporting the idea that Ms. Wright bore the burden to plead exhaustion of administrative remedies under the Minneapolis ordinance.

3

essentially one argument: Citing *Krueger v. Zeman Construction Co.*, 781 N.W.2d 858 (Minn. 2010), Travelers argues that a plaintiff must allege a contractual breach as an essential element of an MHRA business-discrimination claim. Because Ms. Wright alleges no plausible contractual breach, Travelers argues, her MHRA claim must be dismissed. Travelers argues that Ms. Wright's claim under the Minneapolis business-discrimination ordinance deserves the same result because the ordinance is textually identical to the MHRA. This argument is not persuasive, and Travelers' reconsideration motion will be denied.

The argument does not meet the rules governing reconsideration motions. "Motions for reconsideration serve the limited purpose of 'correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence.'" *Woodward v. Credit Serv. Int'l Corp.*, No. 23-cv-632 (KMM/ECW), 2024 WL 626904, at *1 (D. Minn. Feb. 14, 2024) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). A reconsideration motion is "not the appropriate place to 'tender new legal theories for the first time.'" *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman*, 839 F.2d at 414). Travelers' lone reconsideration argument rests on new legal authority that could have been cited in Travelers' second-round motion. Beginning-to-end reviews of the briefs Travelers filed in support of its second Rule 12(b)(6) motion confirm that Travelers did not cite *Krueger* or any other authority supporting the conclusion that Ms. Wright's claims failed specifically because she did not allege a contractual breach. In other words, even if Travelers were right about *Krueger*, a reconsideration motion is not the place

4

to raise the case or similar authorities for the first time. The motion could be denied on just this basis.

Regardless, the better take—certainly in this procedural context—is that Travelers' understanding of *Krueger* is not correct. In *Krueger*, the Minnesota Supreme Court answered whether Minn. Stat. § 363A.17(3) "grant[s] to individual employees of a party to a contract the right to bring an action personally for discrimination in the performance of the contract." *Krueger*, 781 N.W.2d at 863. The court said no. It explained, in relevant part:

> We hold that Minn. Stat. § 363A.17(3) is unambiguous, and it does not provide a cause of action for a person not a party to a contract, the performance of which is affected by business discrimination. A plain reading of section 363A.17(3) reveals that the legislature prohibited sex discrimination in the making or performance of a contract. Only a party to the contract can make the contract or be held legally responsible to "perform" pursuant to the contract. "Performance" is defined as "[t]he successful completion of a contractual *duty,* usu[ally] resulting in the performer's release from any past or future liability." *Black's Law Dictionary* 1252 (9th ed. 2009) (emphasis added). "Performance" presupposes a contractual obligation to perform; while a corporate party to a contract may use employees to fulfill a contract, those employees have no rights or obligations under the contract. Thus, the statute only provides a cause of action to the person who is denied a contract, or discriminated against in the performance of (or terms or conditions [of]) the contract because of sex discrimination.

*Id*. at 863–64 (footnote omitted; third bracket added). Applied here, *Krueger*'s central holding seems beside the point; Ms. Wright was a party to the Travelers policy. Travelers focuses on *Krueger*'s statement that "'[p]erformance' presupposes a contractual obligation to perform." *Id.* at 864. From this statement, Travelers infers that discrimination in a

5

contract's "performance" also "presupposes the breach of a contractual obligation." *See* ECF No. 53 at 7.  This inference is not justified.  The Minnesota Supreme Court discussed the meaning of "performance" to show the need for a contractual relationship—not a contractual breach—as a prerequisite to suit under Minn. Stat. § 363A.17(3).  If a contractual breach were an element, then one would have expected the Minnesota Supreme Court to identify a breach in *Krueger*.  It didn't.  Consistent with that understanding of the case, the dictionary the court relied on defined "performance" as the "*successful completion* of a contractual duty." *Krueger*, 781 N.W.2d at 864 (quoting *Black's Law Dictionary* 1252 (9th ed. 2009) (emphasis added)).  Prohibited discrimination, in other words, can occur though the alleged discriminator has fulfilled its contractual obligations.  *See id.* ("[A] plain reading of [§ 363A.17(3)] supports the conclusion that the legislature intended to provide contracting parties with the right to make and perform their contracts without being subject to illegal discrimination.").  That is what Ms. Wright claims here.  The denial of Travelers' second motion to dismiss was not manifestly erroneous.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant's Motion to Reconsider [ECF No. 53] is **DENIED**.

Dated:  November 7, 2024        s/ Eric C. Tostrud
                                Eric C. Tostrud
                                United States District Court

6